Breitel, J. (dissenting).
The court by its present decision is imposing a marked extension of liability on the occupants of land, and the wisdom of the extension is dubious. In all of the cases on which it relies the act or omission of the occupant was not necessary or even desirable to the proper use of the land, or the simplest of corrective devices would have corrected ■the condition, as in the turntable cases.. Indeed, the acts or omissions in these cases were careless and inexcusable even if done in a vacuum in which no injury to anyone occurred. In the present case, on the other hand, the liability is extended to reasonable conduct in controlling drippings from a fill pipe without any showing that the drippings were not a natural result of the permitted use of the occupant’s facilities. The means employed by the occupant to collect drippings on its own partially enclosed land was a reasonable use, even though children could misuse the means to cause themselves injury.
Oases very recently decided by this court point to the correct principle (Cuevas v. 73rd & Cent. Park West Corp., 21 N Y 2d 745, affg. 26 A D 2d 239 ; Conway v. St. Gregory’s Parochial School, 21 N Y 2d 755, affg. 27 A D 2d 555). The principle is that children who use another’s facilities to injure themselves may not thereby occasion liability for the occupant, merely because the unlawful presence of children and the general likelihood of their engaging in self-injurious mischievousness is known. As in so many areas of the law, a balance of convenience must be struck between the risk of injury to others who misconduct themselves and the reasonable use of one’s premises. Only *454 if an unreasonable risk of injury to children outweighs the utility to the occupant does liability arise (Restatement, 2d, Torts, § 339, subd. [d], Comment n).
In this case, the children concerned did not enter defendant’s land by the open ways but over a wall and on a Sunday when defendant’s plant and yard were unattended. So that even if the yard had been fully enclosed, the accident would have happened anyway. Most important, while children had been known to invade the yard, there were no prior incidents of children playing with fire, although the plant’s workers during the week often burned rubbish in the yard within sight of neighboring children.
Finally, even a 12-year-old boy, as this infant plaintiff, knows that if he plays with fire he exposes himself to an untoward risk. Thus, in a slightly different and yet relevant context, the Restatement says:
“ There are many dangers, such a[s] those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. To such conditions the rule stated in this Section ordinarily has no application, in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it.
“Where, however, the possessor knows that children too young to appreciate such dangers are likely to trespass on his land, he may still be subject to liability to such children under the rule stated.” (Restatement, 2d, Torts, § 339, 'Comment j.) Accordingly, I dissent and vote to affirm.
Chief Judge Fuld and Judges Burke and Keating concur with Judge Bergan ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed, with costs to abide the event, and a new trial granted.